**Slip Op. 17-74**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

<table>
<tr><td>

GEO SPECIALTY CHEMICALS, INC.,

              Plaintiff,

    v.

UNITED STATES,

              Defendant.

</td><td>

**Before: Jane A. Restani, Judge**

**Court No. 16-00247**

</td></tr>
</table>

**OPINION**

[Defendant's motion to dismiss action filed under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2) is granted.]

Dated: June 27, 2017

David M. Schwartz, Thompson Hine LLP, of Washington, DC, for plaintiff.

Robert M. Norway, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of Counsel on the brief was Emma T. Hunter, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Restani, Judge:  Before the court is defendant United States ("the government")'s motion pursuant to U.S. Court of International Trade Rule 12(b)(1) to dismiss this action for lack of jurisdiction on the grounds that there is no relief the court can order because all entries at issue have been liquidated. The court posed questions to the parties, which were answered on June 7, 2017, and the court concludes the motion is well taken.

## BACKGROUND

GEO Specialty Chemicals, Inc. ("GEO"), a domestic industry entity, brings this action

pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2) to challenge Glycine from the

People's Republic of China:  Final Results of Antidumping Duty Administrative Review; 2014–

2015, 81 Fed. Reg. 72,567 (Dep't Commerce Oct. 20, 2016) ("Final Results").  Of concern to

GEO are certain entries ostensibly of Indian origin which GEO believes are actually of Chinese

origin and covered by Antidumping Duty Order:  Glycine from the People's Republic of China,

60 Fed. Reg. 16,116 (Dep't Commerce Mar. 29, 1995).[1]  The entries of concern to plaintiff were

indeed reported as of Indian origin and were liquidated (final computation of duties) in due

course and without antidumping duties between August 7, 2015, and March 25, 2016.  There is

no dispute that all entries at issue are liquidated.

## DISCUSSION

It appears well settled that liquidation of entries moots an action challenging the final

results of a periodic administrative review of an antidumping duty order, even if future

temporary deposit rates are affected.  Zenith Radio Corp. v. United States, 710 F.2d 806, 810

(Fed. Cir. 1983); see also SKF USA, Inc. v. United States, 512 F.3d 1326, 1328 (Fed. Cir. 2008).

There are two recognized exceptions to this rule, which do not apply here:

---

[1] Apparently, anticircumvention proceedings under 19 U.S.C. § 1677j were conducted in the
past, see Glycine from the People's Republic of China:  Final Partial Affirmative Determination
of Circumvention of the Antidumping Duty Order, 77 Fed. Reg. 73,426, 73,427 (Dep't
Commerce Dec. 10, 2012), but Commerce found in the review at issue that there were no
shipments of covered Chinese products by the Indian exporters of concern despite plaintiff's
allegation that affiliates were exporting the Chinese goods.  Final Results, 81 Fed. Reg. at
72,567; Issues and Decision Memorandum for the Final Results of the Administrative Review of
the Antidumping Duty Order on Glycine from the People's Republic of China; 2014-2015 at 5–
7, 9–10, PD 149 (Oct. 12, 2016).

1)      if the rate determination will have an effect on a revocation determination, e.g., Gerdau Ameristeel Corp. v. United States, 519 F.3d 1336, 1341 (Fed. Cir. 2008), or

2)      if the liquidation is in violation of a court-ordered injunction, e.g., Agro Dutch Industries Ltd. v. United States, 589 F.3d 1187, 1191–92 (Fed. Cir. 2009).

In its response to the court's questions, GEO posits that this matter involves more permanent relief than a change in deposit rates so as to distinguish it from Zenith and its progeny. See GEO Specialty Chemicals, Inc.'s Resps. to Ct.'s Questions 3–7, ECF No. 33 ("GEO Resp."). Both counts of GEO's complaint challenge the Final Results for lack of substantial evidence and being otherwise not in accordance with law, basically because GEO believes evidence of fraud was not properly considered. Compl. ¶¶ 21–24, ECF No. 9. This type of challenge to the Final Results under 28 U.S.C. § 1581(c) jurisdiction normally cannot go forward once the subject entries are liquidated. See SKF, 512 F.3d at 1328; Zenith, 710 F.2d at 810.

The reason that this complaint seeks more than or other than a change in deposit rates is that it is about bringing entries of Indian exporters within the antidumping duty order covering Chinese merchandise.[2] The question for the court is what remedy could it provide as a result of judicial review of a periodic administrative review determination. There seems to be no remedy available under 28 U.S.C. § 1581(c) jurisdiction with respect to the review at issue. The entries are liquidated and deposit rates are not at issue. To the extent plaintiff seeks specific findings with respect to fraud, such findings would not be a final determination of consequence in the

---

[2] According to defendant, the Indian companies originally at issue received the adverse People's Republic of China-wide rate going forward. The problem for plaintiff is that for this review Commerce found that there were no relevant entries of the Chinese merchandise and, as indicated, the Indian entries now of concern to plaintiff liquidated without antidumping duties. See Final Results, 81 Fed. Reg. at 72,567–68.

review at issue and would not affect the availability or lack thereof of relief in this periodic

review matter.

There are also potential avenues of relief which may benefit a domestic competitor such

as GEO in such a situation, but one avenue requires action by the United States under 19 U.S.C.

§ 1592(d) to recover duties or under 19 U.S.C. § 1592(a)–(c) to collect penalties.  Cf. Am.

Furniture Mfrs. Comm. for Legal Trade v. United States, Slip Op. 17-25, 2017 WL 976019, at

*3–4 (CIT Mar. 13, 2017) (explaining that when challenges to final results provide no remedy,

19 U.S.C. § 1592 may provide a means of relief).  Another is pursuant to recently enacted

legislation that permits parties such as GEO to seek a decision from the Commissioner of U.S.

Customs and Border Protection ("Customs") with respect to the evasion of unfair trade duties

and which also provides for judicial review thereof.  See 19 U.S.C. § 1517(g).[3]  While there

appears to be an anticircumvention remedy in place, see supra note 1, plaintiff does not allege

that it sought to have Commerce initiate a separate anticircumvention proceeding with respect to

the latest issues involving affiliates.[4]  The court cannot say on the briefing before it that

plaintiff's statutory remedies are inadequate so that 28 U.S.C. § 1581(i) might provide a remedy.

See Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987) ("Section 1581(i)

jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could

have been available, unless the remedy provided under that subsection would be manifestly

inadequate.").

---

[3] As part of the new remedial scheme under 19 C.F.R. § 165.24 (effective August 22, 2016), Customs may suspend liquidation if there is a reasonable suspicion of evasion.  Id. § 165.24(b)(1)(i).  If suspension comes too late, the § 1592 remedies are still available.  Id. § 165.24(b)(2).

[4] Anticircumvention determinations, which affect the scope of an order, are reviewable pursuant to 19 U.S.C. § 1516a(a)(2)(B) and 28 U.S.C. § 1581(c).

In any case, GEO did not bring this action under 28 U.S.C. § 1581(i) with respect to the

U.S. Department of Commerce's administration or enforcement of the antidumping laws and

only now asserts its applicability if its preferred basis of jurisdiction does not apply.  GEO Resp.

at 4–5.  If such an action were plausible, and it seems unlikely on the sparse facts alleged, it is

unclear what remedy would be available.  As with the action under 28 U.S.C. § 1581(c), the

court cannot simply take jurisdiction to declare findings inadequate that have no effect in the

matter before it.  In fact, plaintiff makes it quite clear that what it is seeking are findings by

Commerce that Customs might act on under 19 U.S.C. § 1592.  See, e.g., GEO Resp. at 3–7.

But, Customs can act without Commerce's input and so can plaintiff.

Accordingly, this action will be dismissed without prejudice to institution of other actions

involving these matters, with a clear jurisdictional basis alleged by plaintiff.


                                                                  /s/ Jane A. Restani
Dated: June 27, 2017                                           Jane A. Restani
       New York, New York                                          Judge